JOHN DONOHOE, Respondent, v. GEORGE McALEER, Appellant.

*Practice—Action for Personal Property.*—It is no bar to the plaintiff's right of action to recover possession of personal property delivered to him upon giving bond, &c., and damages for the detention thereof, that the plaintiff has sold and transferred the property since it was delivered to him under the process of the court.

*Appeal from Buchanan County Common Pleas Court.*

*Townsend,* for appellant.

*Woodson & Jones,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding under the statute for the claim and delivery of personal property.

On plaintiff making affidavit and giving bond as prescribed by law, the sheriff of Buchanan county seized the property and delivered to him the possession. Defendant in his answer denied that plaintiff was entitled to the possession of the property; and for further defence averred, that, after the commencement of the suit, he sold and transferred the property to another person, and that therefore he had no right or interest in the same, and was not entitled to recover.

Plaintiff, by a witness on the trial, proved his title to the property and its value, and that he demanded the same previous to the institution of the suit. Defendant then proved that after the commencement of the suit, but before the trial, the plaintiff had transferred and sold the property to another person. This was all the evidence in the case.

The court, on motion of plaintiff, instructed the jury, in substance, that if they believed from the evidence, that, at the commencement of the suit, the property mentioned in plaintiff's petition was the property of plaintiff and was then in the possession of the defendant, and he refused to deliver it up when demanded by plaintiff, they should then find for the plaintiff and assess his damages at one cent.

The court refused to instruct the jury, at the instance of the defendant, that if the plaintiff had sold the property in controversy since the commencement of the suit, they must find for the defendant.

The jury returned a verdict for plaintiff for nominal damages, one cent, and the defendant appealed.

The instruction placed the law fairly before the jury, and the judgment is evidently for the right party. The defendant unlawfully detained the property, and the plaintiff resorted to proper legal means to obtain its possession. When he had so reduced it to possession, he had a right to exercise all acts of ownership over it, including its sale and transfer, without impairing any right in the prosecution of his action. Had he been defeated in his suit after he had parted with the property, the defendant would have been entitled to the full value. As it was, the plaintiff ought to have recovered damages for the illegal detention; and as he appears to have been satisfied with the modest sum of one cent, we do not think the defendant has any reason to complain.

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.