Jocelyn Rene Harvey **WILKINS,**
**Appellant,**

v.

Hollis **HUNTER, et al., Respondents.**

No. 45474.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1983.

Raymond Howard, St. Louis, for appellant.

Catalina M. Alvarez, St. Louis, for respondents.

REINHARD, Judge.

Plaintiff appeals from the trial court's dismissal of her petition contesting the validity of her father's will. The court dismissed the petition because it was not filed within six months of the first publication of notice of granting letters as required by § 473.083.1, RSMo. 1978.[1] We affirm.

Decedent died on November 6, 1979. His will was admitted to probate on November 16, 1979, and the first notice of granting of letters on decedent's estate was published

on November 20, 1979. On May 12, 1980, plaintiff, along with three other named plaintiffs, filed a petition contesting the validity of the will. The suit named 12 legatees under the will as defendants. The suit did not allege the existence of another will, but merely alleged the will admitted to probate was invalid and, therefore, the decedent's estate should pass by intestacy. This plaintiff and one of the named defendants would, as decedent's only children, inherit the entire estate if the will were declared invalid. On August 29, 1980, defendants filed a motion to dismiss the petition on the ground that all necessary parties defendant had not been named and served as defendants within 90 days after the petition was filed as required by § 473.083.5, RSMo. 1978. On October 16, 1981, the trial court dismissed the petition "without prejudice."[2]

On November 16, 1981, plaintiff filed this petition contesting the validity of her father's will. On November 25, 1981, defendants filed a motion to dismiss this petition on the ground that the petition had not been filed within the six month period established in § 473.083.1, RSMo. 1978. On February 4, 1982, the trial court sustained defendants' motion to dismiss.

Plaintiff appeals from the order dismissing this petition alleging that Rule 67.03 permits her to bring a second action after her first one was dismissed without prejudice. However, Rule 67.03 provides in relevant part:

A dismissal without prejudice permits the party to bring another civil action for the same cause, *unless the civil action is otherwise barred.* (emphasis supplied).

We find that under § 473.083, RSMo. 1978, plaintiff's action is *otherwise barred.*

■ Section 473.083.5, RSMo. 1978, provides that all defendants to a will contest action must be served within 90 days after the petition is filed. If service is not completed within that period and the plaintiff does not show good cause for the fail-

---

1. The current version of this statute is found at § 473.083, RSMo.Supp.1982.

2. Plaintiff does not challenge this dismissal.

ure to complete service, the petition shall be dismissed. Such dismissal is mandatory. *Foster v. Foster,* 565 S.W.2d 193, 195 (Mo. App.1978). In this case, plaintiff failed to name and serve as defendants three of the legatees, and she made no claim of good cause for that failure. Thus, the court properly dismissed the first petition pursuant to § 473.083.5, RSMo. 1978, and we find its designation of the dismissal as "without prejudice" to be without effect in this case.

 Section 473.083.8, RSMo. 1978, provides that if a petition to contest a will is dismissed pursuant to subsection 5, the probate court shall continue with probate of the will as if the petition had never been filed. Section 473.083.1, RSMo. 1978, provides that probate of a will is binding unless a petition to contest is filed "within six months after the date of the probate . . . or within six months after the date of the first publication of notice of granting of letters, whichever is later." Therefore, when the court properly dismissed the first petition on October 16, the admission of the will to probate became binding retroactively to May 20, 1980, as if the petition to contest the will had never been filed. The trial court was without subject matter jurisdiction to entertain plaintiff's second petition. *Doran v. Wurth,* 475 S.W.2d 49, 51 (Mo. 1971); *Winkler v. Winkler,* 634 S.W.2d 217, 220 (Mo.App.1982). Thus, plaintiff's second action is "otherwise barred," within the meaning of Rule 67.03, and the court did not err in dismissing this action.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.