Henry COOL and Mary Kay Volpe,
Plaintiffs-Appellants,

v.

Anny REED, Defendant-Respondent.

No. 67821.

Supreme Court of Missouri,
En Banc.

Oct. 14, 1986.

John L. Sullivan, St. Louis, for plaintiffs-appellants.

Allen J. Bloom, St. Louis, for defendant-respondent.

BILLINGS, Judge.

Appeal by two heirs from the dismissal of their will contest action because it was barred by § 473.083, RSMo Supp.1984. The issue is whether an heir may constitutionally be barred from filing a will contest by the limitations provisions of § 473.083 when no actual notice has been given to the heir of admission of a will to probate and the consequent limited right of contest. No such notice is required to be given by the statute. As to appellant Cool modified; as to appellant Volpe, affirmed.

Alyce Michelson died on March 24, 1983. She was survived by a half-sister, Anny Reed, a brother, Henry Cool, and the daughter of a pre-deceased sister, Mary Kay Volpe. The pre-deceased sister also had another daughter, Dorothy Jeannie Cool (also known at one time as Dorothy Crockett), but, despite efforts to contact her, her whereabouts are unknown. Alyce Michelson left no other heirs.

After Michelson's death, Anny Reed offered for probate a will naming her as sole beneficiary and personal representative of the decedent's estate. Accompanying the offer of the will, Reed also filed an affidavit of the decedent's heirship which listed as heirs only Henry Cool and herself. The will was admitted to probate on April 13, 1983. On April 16, 1983, notice of the will's admission to probate and Reed's appointment as executrix was first published in the St. Louis Countian. Henry Cool received mailed notice of these events. No official notice of any kind was ever given to Mary Kay Volpe.

On July 25, 1983, Henry Cool filed a timely will contest in the St. Louis County Circuit Court. The action was assigned to Division 9 of the court. The court dis-

missed the petition for lack of jurisdiction on April 1, 1985. This decision was reversed and remanded by the Missouri Court of Appeals, Eastern District in *Cool v. Reed*, 710 S.W.2d 243 (Mo.App.1986). Thus, Cool's will contest is currently pending in the circuit court. Mary Kay Volpe has at no time been a party to that will contest.

On June 13, 1985, during the pendency of Cool's appeal from the circuit court's dismissal of his will contest, Volpe, joined by Cool, filed a separate will contest petition in St. Louis County Circuit Court. This will contest was assigned to Division 4 of the court. On December 11, 1985, the court dismissed the claims of Cool as barred by the doctrine of res judicata and by the limitations provisions of § 473.083 and dismissed the claims of Volpe as also barred by § 473.083. It is this decision from which this appeal arises.

■ This appeal raises no issues with respect to the claims of Cool. Cool and Volpe admit this. Whether admitted or not, Cool was never properly a party to this suit. His separate will contest is currently pending in the circuit court. Because of his pending separate will contest, Cool's instant suit should have been dismissed for lack of jurisdiction.

The sole assertion on appeal is that the circuit court erred in dismissing the claims of Mary Kay Volpe as being barred by § 473.083. Volpe urges that the barring of her will contest action by § 473.083 violates the due process clauses of the Missouri and United States Constitutions because the statute requires no actual notice to be given to interested parties of the admission of a will for probate and of their limited right to contest. Volpe, in fact, received no such official notice.

Section 473.083 is a special statute of limitations applicable solely to will contests. In relevant part, it provides:

> Unless any person interested in the probate of a will appears within six months after the date of the probate ... thereof ... or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed ... contests the validity of a probated will, ... then probate ... of the will is binding. An heir ... is interested in the probate of a will for purposes of this section.

This statute clearly bars Volpe's will contest action since it was filed more than two years after both the admission of Alyce Michelson's purported will to probate and the first publication of notice of granting letters.

Volpe recognizes that this Court's decision in *Haas v. Haas*, 504 S.W.2d 44 (Mo. 1973), validated the special statute of limitations provisions of § 473.083 against claims of lack of due process similar to hers. She contends, however, that the holding in *Haas* should be reexamined in light of *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), which strongly reaffirmed the basic due process mandate of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), that prior to an action which will affect property interests, a state must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657.

This Court has recently had the opportunity to examine the effects of the holdings of *Mullane* and *Mennonite* on another special statute of limitations contained in the Probate Code. In *Estate of Busch v. Ferrell-Duncan Clinic, Inc.*, 700 S.W.2d 86 (Mo. banc 1985), the appellant challenged the constitutionality of § 473.360, RSMo Supp.1984. That statute bars a creditor's claims against an estate where the claim is filed more than six months after the first published notice of letters. Appellant argued that § 473.360 violated due process because it required only that publication notice be given and this was the only notice which appellant received. After determining that the due process requirements of

*Mullane* and *Mennonite* apply only in cases where property rights are being brought before a court for adjudication, the Court in *Busch* stated:

> [Section 473.360], and its potential for barring a creditor's claim, does not constitute an adjudicatory proceeding. The due process requirements of *Mullane* are not applicable to these probate proceedings. Section 473.360 is a self-executing statute of limitations.... The bar created by operation of a statute of limitations operates independently of any adjudicatory process. It is a legislative expression of policy that prohibits litigants from raising claims after the expiration of a given time. The passage of time itself destroys the right and remedy of the potential claimant.

700 S.W.2d at 89. The Court concluded that § 473.360 was constitutional. *Id.*

What was said about § 473.360 in *Busch* is equally applicable to § 473.083 in this case. Section 473.083, and its potential for barring an heir's right to contest a will, also does not constitute an adjudicatory proceeding. Section 473.083 is also a self-executing statute of limitations. *See Haas,* 504 S.W.2d at 46. Thus, Volpe's right to contest Michelson's purported will was destroyed not by any adjudicatory process, but by the operation of this statute of limitations. Since Volpe's right was cut off by the passage of time rather than by judicial action, the notice precepts of *Mullane* and *Mennonite* do not apply and hence do not save Volpe's cause of action from her own failure to file a timely will contest.

This Court concludes that the *Haas* decision need not be disturbed. Due process does not require that actual notice of the limited right to contest a will be given to persons interested in the will and the special statute of limitations provisions of § 473.083 are therefore constitutional.

The dismissal as to Cool is modified to show lack of jurisdiction. The dismissal as to Volpe is affirmed.

All concur.