### Fawn BRENTS and Dianne Forbes, Appellants,

v.

### Mary Jane PARRISH and Susan Wachel, Respondents.

### No. WD 46134.

Missouri Court of Appeals, Western District.

Jan. 12, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1993.

Application to Transfer Denied April 20, 1993.

Thomas Vincent Bender, Francis M. Hanna, Kansas City, for appellants.

Thomas E. Deacy, Jr., Kansas City, for respondents.

Susan Wachel, pro se.

Before LOWENSTEIN, C.J., and SHANGLER and HANNA, JJ.

HANNA, Judge.

On July 15, 1991, while visiting his mother in Florida, John C. Bray was murdered in his mother's home. His Last Will and Testament (Will) dated October 5, 1987, was admitted to probate in the Circuit Court of Jackson County and letters testamentary were issued on July 26, 1991. The date of first publication of notice of the granting letters testamentary was July 30, 1991.

In Article V of the Will, Mr. Bray devised and bequeathed to his three children the following:

a) Gold Coins (Krugerands) and Two Thousand Dollars ($2,000.00) per month for life to Fawn Brents.

b) Diamond Ring, Watch, Gold Chains, and Two Thousand Dollars ($2,000.00) per month for life to Dianne Forbes.

c) 1979 White 450 SL Mercedes, 1978 Black 6.9 Mercedes and Two Thousand

Dollars ($2,000.00) per month for life to Susan Wachel.

The remainder and residue of his estate was devised and bequeathed to Mary Jane Parrish. Plaintiffs/Appellants, Fawn Brents and Dianne Forbes, are the daughters of Mr. Bray. Defendant/Respondent Susan Wachel is Mr. Bray's natural daughter, but was adopted by the husband of Mr. Bray's ex-wife and is no longer an heir-at-law to the decedent. Mary Jane Parrish was named as a defendant both in her capacity as personal representative and as the sole residuary devisee and legatee under the Will. All parties, as devisees, were affected by the Will contest and were necessary parties who must have been joined and served in the Will contest action.

On August 23, 1991, plaintiffs filed their first petition to contest the purported Will. Plaintiffs then forwarded the Summons and Petition to the Sheriff of San Bernardino County, California for personal service of process on defendant Wachel. Personal service of process on defendant Wachel was secured and completed by Gary Deaton, Deputy Sheriff of San Bernardino County, California on October 30, 1991. However, the affidavit of service of process was not returned to the Circuit Court of Jackson County, Missouri.

On December 5, 1991, defendant Parrish filed a motion to dismiss the petition on the grounds that plaintiffs had not secured and completed service on all necessary party defendants, namely defendant Wachel, within ninety days of the date their petition was filed as required by § 473.083.6.[1] Plaintiffs were alerted to the lack of return service by this motion to dismiss and contacted the Court Services Division of the San Bernardino County, California Sheriff's Department inquiring as to the location of the affidavit of service of process regarding defendant Wachel. Upon learning of the loss of his original return of service, Deputy Sheriff Deaton completed a duplicate indicating that personal service of

Ms. Wachel was secured and completed on October 30, 1991. This was received by the Circuit Court of Jackson County on December 17, 1991.

On January 3, 1992, a hearing was held on Ms. Parrish's motion to dismiss.[2] At that time, the trial court ruled that the summons issued August 27, 1991, expired after 30 days when it was not extended. Therefore, the summons conferred no authority on the San Bernardino County Sheriff to serve process on Ms. Wachel. As a result, the trial court found that service was not completed on her, declined to rule as to any good cause basis for failure to complete service, and dismissed plaintiffs' first Will contest petition. The court order did not state whether the dismissal was with or without prejudice.

The first publication of notice of granting letters testamentary was July 30, 1991. Within the six-month time limit of § 473.-083.1, on January 7, 1992, plaintiffs filed a second petition to contest purported Will. Defendant Parrish replied by filing another motion to dismiss this petition on February 6, 1992, asserting that the dismissal of the first petition was "with prejudice" and therefore barred the filing of a second petition. On March 3, 1992, the trial court issued an order dismissing the second petition, holding that failure to obtain service within ninety days pursuant to § 473.083.6 in the first action mandated a dismissal "with prejudice" thereby barring the second petition. This appeal followed.

On appeal, plaintiffs argue that the dismissal of the first petition was "without prejudice," therefore the filing of the second petition within the six-month period as set forth in § 473.083.1 was not barred. The defendants claim that the dismissal of the first petition bars any subsequent action contesting the Will since the petition was dismissed "with prejudice."

■ The right to contest a will did not exist at common law and is purely statuto-

---

1. All statutory references are to the Revised Statutes of Missouri 1992, unless otherwise indicated.

2. In accordance with § 473.083.6, the hearing was scheduled to determine whether "good cause" existed to allow the will contest to proceed.

ry with § 473.083 conferring jurisdiction upon the circuit court. *Haas v. Haas,* 504 S.W.2d 44, 46 (Mo.1973). Section 473.083.1 sets forth the procedure for filing a will contest. This section provides in pertinent part:

> Unless any person interested in the probate of a will appears within six months after the date of probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit court of the county, contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding.

This section functions as a "special statute of limitations applicable solely to will contests." *Cool v. Reed,* 717 S.W.2d 518, 519 (Mo. banc 1986); *Haas,* 504 S.W.2d at 46.

■■■ In addition to the six-month statute of limitation, the will contest statute also provides that a will contestant secure and complete service upon all defendants within ninety days of filing the petition. § 473.083.6. Section 473.083.6 requires that if service is not completed within ninety days and the petitioner does not show good cause for the failure to complete service, then the petition *shall* be dismissed, as the trial court does not have jurisdiction over the subject matter of the suit. *Winkler v. Winkler,* 634 S.W.2d 217, 220 (Mo. App.1982); *Burke v. Kehr,* 826 S.W.2d 855, 862 (Mo.App.1992). In the present case, the court held that because the summons issued August 27, 1991 was effective for only thirty days pursuant to Rule 54.21 and that the personal service on Ms. Wachel was past the thirty days, the service on her was invalid. Thus, the trial court properly dismissed the first petition pursuant to § 473.083.6. The first dismissal was not designated by the judge at the time the order was entered, as being with or without prejudice. The issue for our decision is whether a dismissal within the time deadline otherwise allowed to file a will contest, operates as a dismissal with or without prejudice.

Defendants contend that when § 473.-083.6 is read together with § 473.083.9 a dismissal with prejudice becomes mandatory. *Blatt v. Haile,* 291 S.W.2d 85 (Mo. 1956).[3] It is defendant's position that subsection 9 clarifies the question of whether the dismissal under § 473.083.6 should be with or without prejudice because it requires that the administration should proceed as though the contest had never been filed. Section 473.083.9 provides that if a will contest is dismissed for failure to complete service within ninety days, then the judge "shall proceed with the administration of the estate in accord with his previous order admitting the will to probate ... as if the petition for the will contest had never been filed...." While the statute states that the administration shall proceed, it does not state that a dismissal under § 473.083 shall be with prejudice. Subsection 9 is simply an acknowledgment that the probate judge should proceed, expeditiously, with the administration of the estate. It merely restates the legislative policy that the administration of probate estates are to proceed without unnecessary delay.

In *Blatt,* the trial court sustained defendant's motion to dismiss a will contest on the grounds that timely service of process had not been made on all defendants and plaintiff had failed to show good cause for such failure. *Blatt,* 291 S.W.2d at 86. In contrast to our case, the trial court in *Blatt* expressly dismissed the petition "with prejudice." *Id.* The Missouri Supreme Court affirmed the trial court but did not address whether a dismissal under § 473.083.6 was with or without prejudice. In fact, *Blatt* concerned the dismissal of a single petition in contrast to the dismissal and refiling of will contest petitions as in the present case. As a result, *Blatt* was not concerned with the effect of a dismissal under § 473.083.6 in relation to the six-month statute of limitations found at § 473.083.1. There was no attempt by the plaintiff to file a second

---

**3.** *Blatt* was decided under a prior version of the will contest statute.

action within the six-month time period as the plaintiffs did in this case. Therefore, *Blatt* does not stand for the proposition that a dismissal for failure to serve all necessary party defendants within the ninety days must be with prejudice and bars a subsequent action.

Plaintiffs argue that since the dismissal of the first petition was for lack of jurisdiction, Rule 67.03 permits them to bring a second action claiming that the first dismissal was without prejudice. Rule 67.03 provides in pertinent part:

> A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any voluntary ... and any involuntary dismissal other than one for *lack of jurisdiction* ... shall be with prejudice unless in its order for dismissal shall otherwise specify.
>
> (Emphasis added).

Missouri courts have uniformly construed § 473.083.6 to be jurisdictional and have held that failure of a will contestant to obtain service of process on all necessary parties within the parameters of § 473.-083.6 deprives the trial court of jurisdiction over the subject matter of the will contest and mandates a dismissal of the action. *Burke*, 826 S.W.2d at 862; *Langham v. Mann*, 801 S.W.2d 394, 395–96, (Mo.App. 1990). In fact, "the purpose of obtaining service of process within the prescribed statutory period is to give the trial court jurisdiction over the subject matter of the will contest suit." *Foster v. Foster*, 565 S.W.2d 193, 195 (Mo.App.1978); *Blatt*, 291 S.W.2d at 89.

It is also clear, that the legislature intended for Rule 67.03 to apply to will contests. The will contest statute provides that "[s]ervice of summons, petition, and subsequent proceedings thereto together with all subsequent proceedings in such will contest proceedings shall be governed by the Missouri Rules of Civil Procedure and the provisions of the Civil Code of Missouri which are in effect." § 473.083.5. The present case is yet another illustration of how § 473.083.6 operates to dismiss a

will contest when the court no longer has jurisdiction over the suit. *See Blatt*, 291 S.W.2d at 89; *Burke*, 826 S.W.2d at 862; *Langham*, 801 S.W.2d at 396; *Epperson v. Sheldon*, 729 S.W.2d 46, 49 (Mo.App.1987); *Wilkins v. Hunter*, 652 S.W.2d 167 (Mo. App.1983); *State ex rel. O'Connell v. Crandall*, 562 S.W.2d 746, 750 (Mo.App. 1978). In *Sheen v. DiBella*, 395 S.W.2d 296, 305 (Mo.App.1965), this court held that a dismissal based upon lack of jurisdiction "is not res judicata as to the merits of the controversy, or any integral part of such merits, and does not preclude a later and actual trial on the merits before a tribunal having jurisdiction." Because the dismissal of the first petition was based upon the court's lack of subject matter jurisdiction, Rule 67.03 provides that this dismissal must be without prejudice.

We find the logic behind *Wilkins* instructive on this point. *See also Bradley v. Weber*, 657 S.W.2d 286, 288 (Mo.App.1983). In *Wilkins*, the trial court dismissed plaintiff's will contest petition without prejudice on the ground that all necessary parties defendant had not been named and served within ninety days after the petition was filed. *Wilkins*, 652 S.W.2d at 168. Subsequently, plaintiff filed a second petition but not within the six-month period established by § 473.083.1. *Id.* The trial court dismissed the second petition on the ground that the petition had not been filed within the six-month period. *Id.* The court of appeals affirmed the dismissal not because the first dismissal should have been with prejudice, but because the six-month period had expired before the second filing and the second petition was therefore "otherwise barred" under Rule 67.03. *Id.* 652 S.W.2d at 169. The sole basis of the court's reasoning was that the dismissal should be treated as a dismissal with prejudice because the plaintiff filed her second petition outside of the six-month period. The inference to be drawn from the *Wilkins* court's holding is that if the second petition had been filed within the six-month time period, it would not have been barred. In essence, the ruling allowed for a refiling, if accomplished within the time period.

Defendants attempt to distinguish the "lack of jurisdiction" under Rule 67.03

from what they label the "loss of jurisdiction" to hear a will contest under § 473.-083.6. Section 473.083 confers jurisdiction to hear will contests upon the circuit courts. *Haas*, 504 S.W.2d at 46. However, this grant of jurisdiction is conditioned upon compliance with § 473.083.6 and as such, does not permanently vest unless and until a will contestant complies with the service requirement. Resolving this battle of semantics, it is sufficient to say that compliance under § 473.083.6 is equivalent to a permanent grant of jurisdiction and "lack of jurisdiction" under § 473.083 is equivalent to "lack of jurisdiction" under Rule 67.03.

We fully recognize and understand the policy that a will contest "shall be expeditiously prosecuted or not at all. . . ." *Cole v. Smith*, 370 S.W.2d 307, 309 (Mo.1963). However, this policy is not thwarted by permitting an interested party to file an action to contest a will within the statutory six-month period. Since the legislature has expressly allotted six months for the filing of will contests, it cannot be said that a filing within that period extends the administration of the decedent's estate or even delays the administration beyond the period contemplated by the legislature. Also, we are mindful that the sole purpose of a will contest is to determine whether a document admitted to probate is, in fact, the actual Last Will and Testament of the deceased. *Crandall*, 562 S.W.2d at 749. This competing policy contradicts the defendant's proposition that only one contestant should be given only one opportunity during the six-month period to litigate such a crucial issue as whether the purported Will is indeed genuine.

In the creation of the will contest statute, the legislature addressed two primary policy concerns: (1) that persons having grounds to contest the will be given the opportunity to do so, and (2) that such will contests be expeditiously prosecuted. Our holding that the plaintiffs should be allowed to file a second petition within the six-month time period does nothing to defeat either of these policy goals. In fact, our decision merely gives purpose to the legislature's intent to allow interested parties the ability to contest a will provided they file within the six-month period. It gives effect to the proposition that the six-month period is of paramount importance. This is so when we recognize that the law permits the proponent of a will to file it and obtain its judicial blessing quickly, easily and ex parte. If the document is defective, the legislature has determined that six months is expeditious and we will not question their mandate. The emphasis is placed on deciding the issue on the merits instead of a hypertechnical question of service of process of a summons valid for only 30 days. Accordingly, we will not upset the balance between these policies as set by the legislature. Our system of justice and interpretation of the laws should favor a result decided on the merits.

According to § 473.083.1, the first publication of notice of granting of letters testamentary, July 30, 1991, began the statute of limitations for will contests of the purported Will. The filing of plaintiffs first petition on August 23, 1991, and its subsequent dismissal on January 3, 1992, had the same effect as if the first petition had never been filed according to § 473.083.9. The plaintiffs filed their second petition on January 7, 1992, within the six-month period set forth in § 473.083.1. Therefore, having complied with the time periods set forth in § 473.083.1 and § 473.083.6, jurisdiction vests within the Circuit Court of Jackson County for the resolution of the plaintiffs' second petition contesting the purported Will of October 5, 1987.

On appeal, defendants filed a motion to strike portions of the legal file according to Rule 81.12. Although there is some merit to the defendants' claim, much of the questioned material within the file is necessary for our review. Therefore, defendants' motion to strike is denied.

The order of dismissal is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.