**Ronald L. RANDLES, Respondent,**

v.

**James E. SCHAFFNER, Director of Revenue, Appellant.**

No. 56717.

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1972.

**2**

Schmidt & Kieffer, Clayton, taken as submitted by respondent.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Richard L. Wieler, Asst. Attys. Gen., Jefferson City, for appellant.

JOHN M. CAVE, Special Judge.

This is an appeal from an order of the Circuit Court of St. Louis County reducing the point accumulation on respondent's motor vehicle operator's license and directing appellant to return forthwith said operator's license to respondent. We reverse.

The appeal having been lodged in this court prior to the effective date of new Article V, Section 3, Constitution of Missouri, we have jurisdiction because a state officer, the director of revenue, is a party. Then Art. V, § 3, Mo.Const.; McIntyre v. David, Mo., 431 S.W.2d 216.

Respondent received notice of revocation of his operator's license for 365 days effective November 25, 1970, because of excessive accumulation of points under Section 302.304, Revised Statutes of Missouri.

On February 2, 1971, respondent filed his petition for limited driving privileges and, on February 4, 1971, hearing was held thereon, but no judgment was entered at that time.

Thereafter, on February 11, 1971, respondent filed, apparently in the same proceeding, a pleading denominated "Petition for Review of Administrative Decision." On the same date, an order was entered requiring appellant to return forthwith respondent's operator's license and to reduce the accumulation of points assessed for conviction of traffic laws and ordinances to seven.

Appellant has filed a brief presenting only one point: that the trial court was without jurisdiction, a matter which may be raised at any time. S.C. Rule 55.37, V.A.M.R.; Bash v. Truman, 335 Mo. 1077, 75 S.W.2d 840. Respondent has not favored us with a brief.

It is elementary that where judicial tribunals have no jurisdiction to act, their proceedings are absolutely void, Bash v. Truman, supra. Section 302.311 provides that in the event a license is revoked by the director, the licensee may appeal to the circuit court of the county of his residence at any time *within thirty days* after notice that a license is revoked. The revocation notice admitted in evidence shows that it was mailed December 7, 1970, and respondent acknowledged receiving such notice. The petition for limited driving privilege was filed February 2, 1971, and the petition for review was filed February 11, 1971, both more than 30 days after the mailing of the notice and its receipt in due course by respondent. The statutory limitation of time within which to appeal such a decision as that of the appellant having expired, the trial court had no jurisdiction of the subject matter and any order entered in such situation is wholly void.

Although Article V, Section 22 of the Constitution of Missouri guarantees the right to judicial review of administra-

tive decisions, the legislature is authorized to, and did, provide a method of review by designating the court and the time within which such review should be sought. Such procedure having been established, failure to comply with the statute is jurisdictional. Warnecke v. State Tax Commission, Mo., 340 S.W.2d 615; State ex rel. Burns v. Stanton, Mo.App., 311 S.W.2d 137. Although the court may be a court of general jurisdiction, when it is engaged in the exercise of a special statutory power its jurisdiction is limited by such statutory power. State ex rel. Kansas City v. Public Service Commission of Missouri, 362 Mo. 786, 244 S.W.2d 110.

"It is essential to orderly procedure that the legal remedies which the law provides be confined each to its rightful province", Bash v. Truman, supra, 75 S.W.2d l. c. 842 [1–3], and the trial court in this instance having no jurisdiction of the subject matter to which its order was addressed, its order should be set aside.

Therefore, the judgment of the trial court dated February 11, 1971, is reversed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.