Erie (Jack) FOSTER, Plaintiff-Appellant,

v.

Helen M. FOSTER, Deceased, et al., Defendants-Respondents.

No. 38388.

Missouri Court of Appeals, St. Louis District, Division Four.

April 18, 1978.

Lashly, Neum & Johnson, P. W. Lashly, St. Louis, for plaintiff-appellant.

Donald E. Walter, Arnold, George Curran, St. Louis, Kurt D. Breeze, Pannell, Dodson & Robinson, Festus, for defendants-respondents.

DOWD, Presiding Judge.

In this will contest action, the trial court dismissed plaintiff's petition because of plaintiff's failure to obtain service on a necessary party-defendant for a period over 26 months, when the statute required service within 90 days. The Court found that the plaintiff failed to show "good cause" in not fulfilling the statutory requirement. Plaintiff appeals. We affirm.

The statute governing this case is Section 473.083(4) RSMo 1969 which sets out the procedure in will contest actions and provides:

"4. In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of the petitioner."

Compliance with this statute is necessary to give the court jurisdiction over the subject matter of the suit. *Blatt v. Haile,* 291 S.W.2d 85, 89[3–5] (Mo.1956); *Haas v. Haas,* 504 S.W.2d 44, 46 (Mo.1973).

The issue before us is whether the trial court abused its discretion in ruling that good cause was not shown for failing to complete service within the 90 day period prescribed by the statute. *Cole v. Smith,* 370 S.W.2d 307, 309 (Mo.1963).

The record indicates that on March 6, 1974 Erie Foster filed suit contesting the will of his deceased brother Lawrence Walter Foster. The defendants are all heirs and legatees of Lawrence Foster. In his petition Erie Foster requested that personal service be made upon eight of the defendants. The sheriff made a non est return of service as to one of these defendants, Charles Herbert, who was a nephew of the testator and a named legatee. Charles Herbert was vacationing out of the state at the time the sheriff attempted service.

█ Service by publication was completed upon other defendants on May 22, 1974. The Order of Publication of Notice itself did not direct Charles Herbert to take notice of the will contest suit. Rather, it listed the style of the case, which did name Charles Herbert as a defendant, and directed nine other named defendants to take notice of the action. Thus this service by publication was not effective against Charles Herbert.

On April 23, 1976 defendants Albert Herbert and Robert Herbert filed a Motion to Dismiss for failure to complete service upon all necessary parties defendant. After this motion was filed, plaintiff requested an alias summons be directed to Charles Herbert. Service was completed on May 28, 1976, over two years after the filing of the petition. The trial court ruled on July 26, 1976 that "petitioner has failed to show good cause for failure to secure and complete service from March 6, 1974 to May 28, 1976", and dismissed the case.

Missouri law clearly mandates that in will contest actions, the petition "shall be dismissed" if service of process is not obtained within 90 days after the petition is filed "in the absence of a showing by the petitioner of good cause for failure to secure and complete service." 473.083(4) Here the record clearly shows that plaintiff failed to proceed diligently to secure and complete service of process on Charles Herbert. There was over a two year period of dormancy before service was completed upon all necessary parties. Plaintiff presented no evidence to justify the delay other than that Charles Herbert was vacationing out of state at the time the sheriff attempted to personally serve him. No further efforts were made to secure service either personally or by publication for a period of two years. *Hanna v. Sheetz,* 240 Mo.App. 385, 205 S.W.2d 955, 956[2–4] (1947).

█ The policy behind § 473.083(4) RSMo 1973 is that contest of will admitted to probate should either be expeditiously prosecuted or not prosecuted at all. *Kane v. Mercantile Trust Company National Association,* 513 S.W.2d 362, 365[6] (Mo.1974); *Cole v. Smith,* 370 S.W.2d 307, 309[3] (Mo. 1963). Here, service was required upon Charles Herbert since he is a legatee of the contested will, and thus a necessary party. *Kane v. Mercantile Trust Company National Association,* supra, at 363[2, 3]. Given the facts of this case we believe the trial court did not abuse its discretion in finding that plaintiff failed to show good cause for not completing service within the statutory time limits.

█ Plaintiff also contends that defendants are guilty of laches since the defendants filed the Motion to Dismiss over two years after initiation of the suit. As noted earlier, the purpose of obtaining service of process within the prescribed statutory period is to give the trial court jurisdiction over the subject matter of the will contest suit. *Blatt v. Haile,* 291 S.W.2d 85, 89[3–5] (Mo.1956); *Haas v. Haas,* 504 S.W.2d 44, 46 (Mo.1973). Jurisdictional defects may be raised at any time. *Bash v. Truman,* 335 Mo. 1077, 75 S.W.2d 840, 842[1–3] (1934); *Randles v. Schaffner,* 485 S.W.2d 1, 2[2] (Mo.1972). Thus, laches cannot constitute a defense when defendant raises such a jurisdictional defect.

Lastly, plaintiff contends that there was no prejudice shown in the failure to complete service on Charles Herbert within the 90 day statutory period. The issue here is not whether the defendants were prejudiced by the delay of over 26 months in obtaining service on Charles Herbert but whether plaintiff complied with the mandatory provisions of Section 473.083(4) which require service on all parties defendant within 90 days. The statute mandates that in the absence of a showing of good cause for failure to secure service the petition shall be dismissed. We have found that the trial court's finding that the plaintiff failed to show good cause in not 'fulfilling the statutory requirement in not completing service on a necessary party defendant within 90 days is not an abuse of discretion. The point is without merit.

Defendant filed a motion contending that the appeal "is without basis in law or fact, and is made for vexation and delay and is frivolous in nature", and asked that defendant be awarded damages. This motion was taken with the case. This motion was considered by the court and denied.

The judgment is affirmed.

SNYDER, J., and ALDEN A. STOCKARD, Special Judge, concur.