Harry Lewis FROCK, Respondent,

v.

Gerald H. GOLDBERG, Director of Revenue, et al., Appellants.

No. WD 30785.

Missouri Court of Appeals, Western District.

Dec. 3, 1979.

John Ashcroft, Atty. Gen., Arnold R. Day, Asst. Atty. Gen., Jefferson City, for appellants.

James A. Rahm, Carrollton, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

SOMERVILLE, Presiding Judge.

This is an appeal from an order of the Circuit Court of Carroll County, Missouri, directing Gerald H. Goldberg, Director, Department of Revenue (hereinafter Director), to reinstate Harry Lewis Frock's (hereinafter Frock) driving privileges which had been suspended for 30 days because of "8 or more points being obtained within an 18 month period".

The critical nature of the following dates and procedural events, from a dispositional standpoint, will subsequently become self-evident. Initially, cognizance is taken of the date of August 4, 1978, same being the date upon which the Director suspended, effective September 1, 1978, Frock's privilege of legally operating a motor vehicle for 30 days. Notice of the suspension was received by Frock on August 20, 1978. On August 30, 1978, Frock filed a petition in the Magistrate Court of Carroll County, Missouri, for review of the Director's 30 day suspension order and also sought a temporary restraining order to hold the suspension in abeyance until there was a hearing on the merits and a final judgment entered. The magistrate judge assumed jurisdiction (albeit erroneously for reasons hereinafter set forth) over the subject matter, granted a temporary restraining order, and on October 20, 1978, entered judgment ordering, adjudging and decreeing that the temporary restraining order be and was made permanent and that the Director be and was ordered to reinstate Frock's driving privileges.

On October 27, 1978, the Director appealed the October 20, 1978 judgment entered in the Magistrate Court of Carroll County to the Circuit Court of Carroll County. Although a temporary restraining order was never obtained in the Circuit Court of Carroll County, a judgment was rendered and entered by the Circuit Court of Carroll County on January 26, 1979, ordering, adjudging and decreeing the Director, so far as here pertinent, to reinstate Frock's driving privileges.

The Magistrate Court of Carroll County, Missouri, was a separate, constitutionally established court until January 2, 1979, as Article 5, Section 27(2) and (3), Constitution of Missouri, adopted August 3, 1976, making it a division of the circuit court did not become effective until January 2, 1979.

The first of two points relied on by the Director on appeal is that the judgment rendered and entered by the Circuit Court of Carroll County, Missouri, is void for want of subject matter jurisdiction. Sustainment of the Director's first point is fully dispositive of the appeal.

■ Want of subject matter jurisdiction is never waived, *Sisk v. Molinaro,* 376 S.W.2d 175, 177 (Mo.1964), and may be raised at any time, Rule 55.27(g)(3), *Bash v. Truman,* 335 Mo. 1077, 75 S.W.2d 840, 842 (1934), and *Randles v. Schaffner, Director of Revenue,* 485 S.W.2d 1, 2 (Mo.1972). As pointed out in *Randles v. Schaffner, Director of Revenue,* supra, at p. 2, "[i]t is elementary that where judicial tribunals have no jurisdiction to act, their proceedings are absolutely void, . . .".

■ Section 302.311, RSMo 1969, applicable and controlling during the entire time frame presented on this appeal provides, inter alia, that in the event a license is suspended by the Director, the licensee may appeal to the circuit court of the county of his residence for review of the administrative decision at any time *within thirty days* after notice that a license has been suspended. In conjunction therewith certain salient dates are reiterated—Frock received notice of suspension of his license on August 20, 1978, and no pleading for review of its suspension, even under the most liberal view, was ever lodged in the circuit court of the county of his residence until October 27, 1978, same being a date far beyond the 30 days provided for in Section 302.311, supra.

The court in *Randles v. Schaffner, Director of Revenue, supra,* at pp. 2 and 3, held, with Section 302.311, supra, at hand and occupying the center of judicial attention, as follows: "Although Article V, Section 22 of the Constitution of Missouri guarantees the right to judicial review of administrative decisions, *the legislature is authorized to, and did, provide a method of review by designating the court and the time within which such review should be sought. Such procedure having been established, failure to comply with the statute is jurisdictional.*" (Emphasis added.)

When the holding of *Randles v. Schaffner, Director of Revenue,* supra, pertaining as it did to Section 302.311, supra, is superimposed on the facts of this case, only a moment's reflection is required in order to properly conclude that the statutory procedure for review mandated by Section 302.311, supra, with respect to the designated elements of court and time were not complied with by Frock and failure to do so deprived the Circuit Court of Carroll County of jurisdiction over the subject matter and, concomitantly, its judgment was wholly void.

As the trial court should have dismissed the cause for want of jurisdiction, it is hereby ordered that the judgment below is reversed and the cause is remanded to the trial court with instructions to dismiss Frock's petition for review for want of jurisdiction.

All concur.