Dorothy EPPERSON,
Plaintiff-Appellant,

v.

John C. SHELDON, et al.,
Defendants-Respondents.

No. 14393.

Missouri Court of Appeals,
Southern District,
Division One.

April 27, 1987.

Gene C. Thompson, Carthage, for plaintiff-appellant.

J. Kevin Checkett, Easterly, Spradling & Checkett, Carthage, for defendants-respondents.

RONALD M. BELT, Special Judge.

Plaintiff, Dorothy Epperson, appeals from the trial court's judgment sustaining defendants', John C. Sheldon, et al., motion to dismiss an action to contest a will because of failure to obtain service on a necessary party within the 90–day time required by § 473.083.6.[1]

Epperson's petition, filed March 22, 1984, contested a will of Bessie Dusher dated March 16, 1961, and asked that a will of Bessie dated March 14, 1977, be admitted to probate. In the will dated March 16, 1961, Mabel Weidman was named as a legatee, if she survived Ms. Dusher.

Upon filing of the will contest, service by publication was attempted on Ms. Weidman. Defendants' motion to dismiss challenged the purported service, alleging the affidavit was legally insufficient and the notice was inadequate because it failed to describe the nature of the proceeding and the property affected.

The order dismissing the action was made on April 10, 1985. Epperson's after-trial motion was timely filed on April 19, 1985. On July 8, 1985, Epperson filed suggestions in support of her motion and, for the first time, injected by the suggestions

and accompanying affidavits that Mabel Weidman had predeceased the testatrix and, therefore, was not a necessary party. On the same date, Epperson filed a request for findings of fact and conclusions of law. The trial court denied the motion and this appeal followed.

On appeal, Epperson alleges that the trial court erred in 1) failing to make written findings of fact and conclusions of law in ruling on her after-trial motion, 2) refusing to set aside the judgment for the purpose of permitting additional evidence, and 3) making its rulings because defendants failed in their burden on the motion to dismiss, and that all necessary parties had been timely served or entered their appearances.

■ Ms. Epperson's request for findings of fact and conclusions of law simply states that the trial court shall "make written findings of fact and conclusions of law in connection with [plaintiff's] Motion to Re-open, Set Aside, Amend Order and for a New Hearing as filed in this action."[2] Rule 73.01(a)(2) provides, in pertinent part:

If any party so requests before *final submission of the case*, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision ...; and may, or if requested by counsel, shall, include its findings on such *controverted fact issues as have been specified by counsel*. All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. (Emphasis added.)

■ In this case, Epperson made only a general request for findings. The trial court is under no duty to make specific findings on controverted issues where counsel has not specified those issues in a proper request. *Dardick v. Dardick,* 670 S.W.2d 865, 868 (Mo. banc 1984); *First*

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, as amended, and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Neither party questions whether it is permissible, under Rule 73.01, to request findings and conclusions in connection with the disposition of an after-trial motion. We do not decide that issue, as it is unnecessary under the disposition we make.

*Florida Building, Inc. v. Safari Systems, Inc.*, 570 S.W.2d 728, 730 (Mo.App.1978). The point is denied.

Ms. Epperson next alleges that the trial court erred in not opening the judgment to permit newly-discovered evidence. This issue was not raised in Epperson's after-trial motion, but was raised for the first time in suggestions filed on July 9, 1985.

■ Judgments must reach a state of finality in an orderly fashion for the benefit of the litigants and the legal system. Rule 73.01(a)(3) requires that an authorized after-trial motion be filed within 15 days after entry of judgment in a court-tried case. Having failed to raise the issue of newly-discovered evidence by a motion filed within that time, it cannot be raised by suggestions filed thereafter. *Morgan v. Wartenbee*, 569 S.W.2d 391, 396 (Mo.App. 1978). Furthermore, where an issue of newly discovered evidence is raised and is supported by affidavits, such affidavits must be filed with the motion, not by a separate out-of-time filing as they were in this case. Rule 78.05; *Tuttle v. Tomasino*, 336 S.W.2d 683, 687 (Mo.1960); *Stewart v. Manor Baking Co.*, 397 S.W.2d 722, 725–726 (Mo.App.1965). There is no basis for a complaint of error to be considered by this court. The point is denied.

Epperson's final contention of error is that the trial court erred in sustaining defendants' motion to dismiss because they failed to show that Weidman had not been served with process or by publication. Defendants asserted, in their motion to dismiss and in this court, that the attempted service by publication on Weidman was invalid.

■ Essentially, Epperson's argument on appeal is that Weidman was not a necessary party and thus service on her was not necessary. Although that assertion, assuming the truth of the allegation of Weidman's status as a person who predeceased the testatrix, might be true today, we must examine the situation as it appeared at the time the trial court heard the motion to dismiss. Epperson named Weidman as a party defendant and alleged, in her petition, that the interest of Weidman might be affected by the will contest action. Section 473.083.6 states:

> [T]he petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served upon the petitioner ..., in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed....

At the time the motion was heard, all anyone involved knew about Mabel Weidman was that her address was unknown, and Epperson was taking the position that good service had been accomplished by publication. The notice, published at Epperson's request, stated, in pertinent part:

> You are hereby notified that an action has been commenced against you ... the object and general nature of which is the petitioner prays that the Last Will and Testament of Bessie Dusher, executed the 14th day of March, 1977, be admitted to Probate and recorded as Last Will and Testament of said decedent.

■ The true object of Epperson's petition was to invalidate the will of March 16, 1961, under which Mabel Weidman was a legatee, to revoke the letters of administration as granted to John C. Sheldon on February 28, 1984, and to establish the document executed by Bessie Dusher on March 14, 1977, as the true last will and testament. However, the published notice merely asks for admission of the 1977 will to probate. In a situation where service by publication seeks to terminate someone's rights to a vested property interest, due process requires an accurate description of the action presented by the plaintiff in compliance with the law authorizing such service. *Delta Realty Co. v. Hunter*, 347 Mo. 1108, 1116–1117, 152 S.W.2d 45, 50 (1941). This publication failed to do that. *See* Rule 54.17; *Foster v. Foster*, 565 S.W.2d 193, 195 (Mo.App.1978); *Orange v. Harrington*, 649 S.W.2d 930, 933 (Mo.App.1983). Having determined that the notice was in-

valid, we do not reach the issue of the sufficiency of the affidavit presented to the court to secure service by publication.

■ Furthermore, in ruling on the motion to dismiss, the court was offered no good cause by Epperson why the publication was not correctly processed so as to provide complete and valid service on Mabel Weidman. It is the strict statutory policy of this state, absent good cause, to require service in an action to contest a will to be complete within 90 days of filing the petition. Otherwise, the case "shall be dismissed at the cost of the petitioner." § 473.083.6. That is, the will contest must "be expeditiously prosecuted or not at all." *Orange v. Harrington,* supra, 649 S.W.2d at 933. Epperson's failure to secure service, with no good cause shown, deprived the trial court of jurisdiction and mandated dismissal. *Blatt v. Haile,* 291 S.W.2d 85, 89 (Mo.1956); *Garrett v. Mowry,* 651 S.W.2d 696, 698 (Mo.App.1983); *Winkler v. Winkler,* 634 S.W.2d 217, 220 (Mo.App. 1982).

The judgment of dismissal entered by the trial court is affirmed.

GREENE, P.J., and REINHARD, Special Judge, concur.