STATE of Missouri ex rel. Roy Junior (Buster) GOOD, Personal Representative of the Estate of Robert McVey, Deceased, and Individually, and Lois I. Good, Relators,

v.

The Honorable Montgomery L. WILSON, Judge of the 4th Judicial Circuit of the Circuit Court of Worth County, Missouri, Respondent.

No. WD 39836.

Missouri Court of Appeals, Western District.

Feb. 2, 1988.

Harold L. Miller (argued), Day Miller, Maysville, for relators.

William J. Esely (argued), Bethany, Edward Manring, Albany, for respondent.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

NUGENT, Presiding Judge.

Relators Roy Junior (Buster) Good and Lois I. Good petition for an ansolute writ of prohibition to prevent Judge Montgomery L. Wilson from taking any action in *Baker v. Roy Junior (Buster) Good as Personal Representative of the Estate of Robert McVey, deceased; and Roy Junior (Buster) Good; Lois I. Good, Raymond Baker, Jr., William Baker, Connie Journot; Barbara Dack*, Case No. CV385–59CC. Relators charge that Judge Wilson exceeded his jurisdiction in not dismissing the will contest action filed by plaintiff because defendants Raymond Baker, Jr., and Barbara Dack were necessary parties to the action and service of process upon them was re-

quired to be secured within ninety days after the date of the filing of the petition.

We now make the writ absolute.

Robert McVey's will was admitted to probate on June 10, 1985; letters testamentary were issued on June 10, and the first notice of letters testamentary was published June 12. Raymond Baker, a nephew of Robert McVey, testator, filed his petition to contest the will on November 27, 1985. He named the relators, and Raymond Baker, Jr., William Baker, Connie Journot, and Barbara Dack as defendants; the latter four are plaintiff's children. Proper and timely process with complete return of service was made on relators and defendants, Connie Journot and William Baker.

Barbara Dack and Raymond Baker, Jr., were named in the will of Robert McVey, deceased, as legatees, and as legatees, they were necessary parties to the action to contest the will. Summonses for personal service outside the State of Missouri were issued on them on November 27, 1985. A purported return of service on Barbara Dack, indicating that service was obtained on December 13, 1985, was filed on December 19, and a purported return of service on Raymond Baker, Jr., indicating service on December 16, 1985, was filed on December 30. The returns were not sworn to or certified. Each indicated that Eugene Harpster served the summons, but the returns were signed by M.T. Bringle. Eugene Harpster's capacity was not shown.

Neither the sheriff of Labette County, Kansas, nor the Deputy Sheriff made affidavit in the returns before the clerk or the judge of the court of which he was an officer, stating the time, place, and manner of such service. No certificate was attached to an affidavit showing the official character of the affiant or the officer serving the summons or his authority to serve process in civil actions within the state or territory where the service was made as required by Rule 54.20(b)(1).[1]

On August 18, 1987, the relators filed in the circuit court of Worth County, to which

1. Rules of Civil Procedure promulgated by the Missouri Supreme Court.

venue had been changed, their motion to dismiss the plaintiff's petition. The ground for the motion was that the plaintiff had failed, under the provisions of § 473.083,[2] and Rule 54.20(b)(1), properly to serve and complete service within ninety days of the date of the filing of the petition upon the defendants, Raymond Baker, Jr., and Barbara Dack. On August 25, Raymond Baker, Jr., and Barbara Dack, now Barbara Dack Moore, each filed an entry of appearance.

Relators' motion to dismiss was presented to, heard and overruled by the respondent on August 26.

We issued our preliminary writ on September 18, and overruled respondent's motion to dismiss relators' petition for writ of prohibition on September 30.

Section 473.083(6) provides:

In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed at the cost of the petitioner.

In *Doran v. Wurth*, 475 S.W.2d 49, 51 (Mo.1971), the court found that in amending the will contest statute the legislature intended that, absent good cause for failure to secure and complete service, all necessary parties would be named and served within the ninety day prescribed period.

Respondent cites *Danforth v. Danforth*, 663 S.W.2d 288 (Mo.App.1983), to support his contention of good cause in the present case. In *Danforth*, two wills were involved, and both stated that testator had three children, one a daughter "Alice Lynn Coats." Twice within the ninety day period service was obtained on "Alice Lynn Coates (Cotes)" in Texas. Though plaintiff's attorney's address did not appear on the summons, it did appear on the petition, which was served with the summons. Defendant moved to dismiss plaintiff's petition for failure to join and serve "Alice Lynn Coats" or "Lynn Cotes" and contended that the misspelling of the name and the absence of the attorney's address on the summons constituted a failure to secure and complete service. An affidavit was filed by "Alice Lynn Coats," who sought to clarify the matter by identifying herself as the daughter named in both wills. While the motion to dismiss was pending, a summons was issued to "Alice Lynn Coats." She later entered an appearance and incorporated the previously filed affidavit in her answer. The court found that good cause did exist and that the defendant had been served within the jurisdictional time period.

In the present case completed service was not obtained on Mr. Baker and Ms. Dack Moore within the prescribed ninety days, and the defects were not discovered by plaintiff until defendants filed their motion to dismiss after approximately twenty-one months had elapsed. The question then is whether good cause existed for plaintiff's failure to complete service within the statutory period.

Respondent argues that good cause existed for plaintiff's failure to discover the defect, yet he conceded in oral argument that nothing in the record so indicates. Respondent contends that in the present case any defect in completing service within the proper time was corrected by entries of appearance and waivers of service by the only defendants who could claim prejudice.

We find *Epperson v. Sheldon*, 729 S.W.2d 46 (Mo.App.1987), persuasive on this point. In *Epperson* plaintiff filed a will contest and attempted service on Mabel Weidman, a legatee if she survived the testatrix. Service was made by publication, and defendants filed a motion to dismiss alleging that the affidavit was insufficient and that the notice was inadequate because it failed to describe the nature of the proceeding and the property affected. The trial court dismissed the action and

2. All sectional references are to the Revised Statutes of Missouri, 1986.

plaintiff appealed, contending that all necessary parties had been served or had entered their appearances. On appeal plaintiff argued that Ms. Weidman was not a necessary party because she had predeceased testatrix.

Holding that it had to examine the situation as it existed at the time it heard the motion to dismiss, the court found that plaintiff had named Weidman as a defendant in her action and that at the time of trial all anyone knew about Ms. Weidman was that her address was unknown. The court found that where service by publication sought to terminate a person's rights to a vested property interest, due process required an accurate description of the property and that the publication had failed to provide one.

The situation at the time the motion to dismiss was heard in the present case was that the relators and four other persons, plaintiff's children, had been named as party defendants. All were necessary parties. The names and addresses of the four children were known. Service was completed on relators and two of plaintiff's children, but was not completed on the other two. While it is true, as plaintiff argued, that not every return of service must be checked by the attorneys "[a]n action to contest a will is a remedy which exists solely by reason of statute, it is in derogation of the common law and the limits of the statute prescribe the court's jurisdiction." *Lambert v. Crone*, 621 S.W.2d 59, 61 (Mo.App.1981). Return of service was not completed within ninety days and no showing of good cause appears in the record. Based on the foregoing, we make the writ absolute.

All concur.