Joseph Michael GLEASON,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Defendant–Appellant.

No. 19522.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 28, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant-appellant.

Charles T. Rouse, Salem, for petitioner-respondent.

SHRUM, Chief Judge.

The Director of Revenue appeals from an order of the Circuit Court of Dent County, which set aside the suspension of Joseph Michael Gleason's driving privilege in Mis-

souri. We vacate the judgment of the trial court and modify the order of suspension.

## FACTS

The Director issued notice by mail to Gleason advising him that "effective 12–12–93 your privilege to legally operate a motor vehicle has been suspended for 30 days" because he had acquired eight or more points within an 18–month period. The final two entries in the "Driving Record" portion of the notice, Missouri Department of Revenue Form 104, Notice of Loss of Driving Privilege, stated, in pertinent part, "Speed 10–28–93 OS TN 3.0 [points assessed]" and "12–12–93 Suspension."

A preprinted portion of the notice stated, "This is a final decision of the Director of Revenue. You have 30 days from the date below to appeal this decision to the circuit court of your county of residence in accordance with section 302.311, RSMo." Below this statement in spaces designated "Date Mailed" and "Clerk Initials" were the handwritten entries "11–9–93" and "J.V.".

On January 7, 1994, Gleason petitioned the Circuit Court of Dent County for review of the Director's decision. In his petition, Gleason alleged he received the Form 104 notice "on or about the 12th day of December 1993, as shown by copy of notice...." Gleason challenged the accumulation of points on his driving record, alleging the Director "used non point violations of the State of Ohio as speeding tickets...."

On April 5, 1994, the trial court heard evidence. The docket sheet indicates the hearing was conducted in chambers and that no transcript was made. The court made these findings, among others:

"The suspension period has already ended so that the [Director] has already 'punished' Petitioner...."

"[T]he three (3) Ohio convictions now shown on Petitioner's driving record were unreasonably and improperly assessed and ... this makes the suspension of his driving privilege unlawful."

The trial court set aside "the order of [the Director], dated December 12, 1993, suspending Plaintiff's license," ordered "the record of said suspension be expunged," and ordered the Department of Revenue to "remove any mention of the Ohio State convictions dated July 6, 1992, July 24, 1992, and April 20, 1993, and strike the points assessed for said convictions from Plaintiff's driving record...."

## DISCUSSION AND DECISION

■ On appeal, the Director challenges the court's jurisdiction, contending that Gleason filed his petition more than 30 days after the mailing of the notice of suspension.

Section 302.311, RSMo 1986, provides, in pertinent part:

"In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked."

Section 536.110, RSMo 1986, provides, in pertinent part:

"1. Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."

■ The 30–day period within which a petition for review may be filed is "triggered by the sending of the notice itself." *Bales v. Director of Revenue*, 786 S.W.2d 184, 186[2] (Mo.App.1990). Failure to file a petition for review within the 30–day period prescribed by § 302.311, RSMo 1986, deprives the circuit court of subject matter jurisdiction. *Randles v. Schaffner*, 485 S.W.2d 1, 2[4] (Mo. 1972). "It is elementary that where judicial tribunals have no jurisdiction to act, their proceedings are absolutely void." *Id.* at 2[3] (citation omitted).

Gleason's argument that the notice was not mailed on November 9, 1993, is two-fold: his "evidence and pleadings show that he did not receive [the notice] prior to December 12, 1993," the implication being the notice must

have been mailed only a few days prior to December 12, and the notice he received "indicates on its face" that it was mailed "on or after December 12, 1993 . . . ."

Gleason's arguments have no merit. There is no evidence in the record to refute the November 9, 1993, date entered on the notice by the Department of Revenue clerk "J.V."[1] The December 12, 1993, date, which appears twice on the form, is nothing more than the effective date of the suspension; it is not the date of mailing. The trial court's apparent ascription of a December 12, 1993, date to the Director's notice was erroneous.

Because the trial court had no jurisdiction, its order is void. We vacate the judgment of the trial court.

One other matter must be resolved. The trial court found that the 30–day "suspension period had already ended . . . ." However, the court did not state that Gleason had actually served his period of suspension, and nothing in the record shows he has served the suspension. We therefore modify the suspension to make it effective beginning on the date of this court's mandate.

FLANIGAN and MONTGOMERY, JJ., concur.

1. Nor is there evidence in the record concerning the date Gleason received the notice; his pleadings are not self-proving and no record was made of the hearing. Although there might be due process implications if delivery of the notice had been unduly delayed through no fault of Gleason, there are no such facts in the record before us.